**ATUALEVAO of Iliili, on behalf of LEMEANA'I FAMILY MEMBERS, Plaintiff**

**v.**

**SUALUA MASANIAI of Iliili, now residing in Fagaalu, Defendant**

No. 24-1965

High Court of American Samoa

Civil Jurisdiction, Trial Division

March 11, 1965

Apelu, Counsel for the plaintiff.
Tago, Counsel for the defendant.

OPINION OF THE COURT

MORROW, *Chief Justice.*

The plaintiff filed his petition claiming that the defendant was building his house on the land Si'asiaga, the communal land of the Salemeana'i Family without the plaintiff's permission. The plaintiff prayed for "an order of injunction and eviction against the defendant" and also

for a temporary restraining order pending hearing. The Court issued a temporary restraining order.

At the conclusion of the hearing on March 9, 1965, the Court issued the following judgment from the bench:

"Upon hearing had, both parties participating therein, the Court finds for the defendant and hereby dismisses this petition and also dissolves the temporary restraining order heretofore issued in this case. Costs in the sum of $12.50 are hereby assessed against the plaintiff to be paid within 15 days. Done Mar. 9, 1965."

This opinion is to inform the parties as to the reasons for the judgment.

Autualevao is the matai of the Lemeana'i Family. The land Si'asiaga, according to the evidence, is the communal family land of the Lemeana'i Family. The defendant Sualua Masaniai is a member of the Lemeana'i Family. He claimed that the matai had assigned to him, as a family member, a portion of the land Si'asiaga upon which to put up a house, the assignment being in accordance with Samoan customs. The plaintiff matai denied that he had assigned such portion of the land to Sualua.

It appeared that the plaintiff, as land owner, and defendant, as building owner, had entered into a separation-of-structures-from-communal-land agreement dated August 18, 1964, and recorded October 6, 1964, in Volume 4, Register of Miscellaneous at Page 276. The defendant introduced in evidence Exhibit A which is designated a lease dated January 6, 1965, between Sualua and Fesili Masaniai, lessors, and the Bank of American Samoa, Lessee. The purpose of the separation-of-structures agreement and the lease was obviously to enable him to build his house. This lease was signed by the plaintiff as "Land Owner," by the manager of the bank, and by the lessors. The defendant started to put up his house.

The land on which the house was to be built was described in the lease. However, shortly after the hearing

666

began the Court arranged for a registered surveyor to retrace the land described in the lease and continued the hearing to March 9, 1965.

Mulivanu Tuaolo, a registered surveyor, retraced the land described in the lease. He testified that Sualua's house was started within the area retraced.

It appeared that after Sualua and Fesili had signed the lease (Exhibit A), Sualua took it to the plaintiff who was working at the Star-Kist tuna cannery and asked his matai Atualevao to sign it. Atualevao did not want to sign it without first giving it some study. Sualua left the lease with him so that he could study it. The next day he got the lease back from the plaintiff who in the meantime had signed it.

■ The very fact that Sualua and his matai had entered into the separation-of-structures-from-communal-lands agreement hereinbefore referred to indicates quite clearly that the plaintiff had assigned some communal land to the defendant. Otherwise, entering into this agreement by the parties thereto was a useless thing. We think the agreement signed by both parties was intended by them to be what it purported to be and not a useless thing. The signing of the separation-of-structures-from-communal-lands agreement followed by the lease agreement signed by the matai shows clearly that the land described in the lease agreement had been assigned to Sualua by the matai. Otherwise, there would have been no point in the matai's signing these documents.

■ The suggestion by counsel for Atualevao that Atualevao did not realize the effect of signing the lease agreement must be rejected. Atualevao had the agreement overnight to study. He refused to sign it when it was first presented to him in order that he could study it.

The fact of the matter is that Atualevao is a High Chief and a very intelligent man. We are convinced that he knew

exactly what he was doing when he signed the separation agreement and the lease. His counsel cannot plead ignorance for him. As we have said, Atualevao is a very intelligent man.

Since Sualua's house was started within the area described in the lease, as the surveyor testified, the Court concluded that the land described in the lease had been assigned by Atualevao to Sualua pursuant to Samoan customs.

This conclusion required the Court to dismiss the plaintiff's petition, dissolve the temporary injunction and assess costs to the plaintiff.